**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GABRIEL PAUL SALAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-236-O** |
| | § | |
| **BILL WAYBOURN, Sheriff,** | § | |
| **Tarrant County, Texas,** | § | |
| | § | |
| **Respondent.** | § | |

## OPINION AND ORDER

Before the Court are Tarrant County Jail inmate Gabriel Paul Salas's ("Salas") petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), Tarrant County Sheriff Bill Waybourn's response with exhibits (ECF No. 9), and Salas's reply briefs (ECF Nos. 11, 12). After considering the relief sought by Salas, the record, related briefing, and applicable law, the Court concludes that Salas's § 2241 petition should be **DISMISSED**.

## I.      BACKGROUND/CLAIMS FOR RELIEF

As of the date of this order, Salas is still confined in the Tarrant County Jail. See https://inmatesearch.tarrantcounty.com/Home/Details?CID=0565059 last visited December 10, 2019. Salas is charged under indictment number 1531338 with the offense of obstruction or retaliation by threatening physical harm to a prospective witness' service or retaliation against the witness for that service. Resp. 2, Exhibit A, ECF No. 10. Salas incorporates four grounds for relief: (1) he could not have issued the threat because he was hospitalized at the time; (2) another person confessed to attempting to frame him; (3) there is insufficient evidence that he committed the offense; and (4) he was legally incompetent at the time the offense took place.  Pet. 13–15, ECF No. 1. Salas seeks an

order from this Court for immediate release. *Id*. at 7.

## II. LEGAL STANDARD and ANALYSIS

"A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by a petition for writ of habeas corpus under 28 U.S.C. § 2241." *Edmon v. Floyd*, No. 3:14-cv-2471-K-BN, 2014 WL 4547810, at *1 (N.D. Tex. Aug. 22, 2014), *R and R adopted*, 2014 WL 4555666 (N.D. Tex. Sep. 15, 2014) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Under the *Younger* abstention doctrine, however, a federal court should abstain from exercising jurisdiction and not interfere with ongoing state criminal proceedings except under extraordinary circumstances and upon a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No.7:04-cv-227-R, 2005 WL 473680, at * 1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Davis v. Zain,* 79 F.3d 18, 19 (5th Cir.1996). Abstention is required under the *Younger* doctrine when three conditions are met: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state proceedings involve important state interests; and (3) the plaintiff/petitioner has an adequate opportunity in the state proceedings to raise constitutional challenges. *See Bice v. La. Pub. Def. Bd.* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (internal citations omitted)); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying *Younger* to a petition for writ of habeas corpus); *Gibson v. Orleans Parish Sheriff*, 971 F. Supp. 2d 625, 629-32 (E.D. La. 2013) (applying Younger to require abstention from review of a state pre-trial detainee's petition under § 2241). If these three prerequisites are met, then a federal court can assert jurisdiction only if "certain

narrowly delimited exceptions to the abstention doctrine apply." [1]*Tex. Ass'n of Bus. v. Earle*, 388

F.3d 515, 518 (5th Cir. 2004).

A review of Salas's claims in this § 2241 proceeding shows that all prerequisites for *Younger*

abstention are present. First, there is an ongoing state criminal proceeding that Salas seeks to

challenge. Resp. 2–4, ECF No. 10. Second, "[t]he state has a strong interest in enforcing its criminal

laws." *DeSpain v. Johnson*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City*

*of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) (citing *Younger*, 401 U.S. at 41) ("Under Younger and its

companion cases, a federal district court must abstain from exercising jurisdiction over a suit when

state criminal proceedings are currently pending against the federal plaintiff.") Further, Salas has the

full chance to raise his constitutional challenges in state proceedings or on direct appeal in the event

of a conviction or through a state habeas writ challenging his detention or conviction. *DeSpain*, 731

F.2d at 1176; *see also Barnes v. Eavenson*, No.3:14-cv-2366-N, 2014 WL 4414811, at * 3 (N.D.

Tex. Sep. 8, 2014). Claims of actual innocence and insufficient evidence are matters that should first

be resolved in the state courts and not litigated by pre-trial federal habeas litigation. *See Onezine v.*

*Warden, Lafayette Parrish Correctional Center*, No. 6:14-cv-2692, 2015 WL 66642, at *2 (W.D.

La. Jan. 5, 2015).

Salas has also not shown that any exception to the *Younger* abstention doctrine applies. As

to the first exception, a state court proceeds in bad faith only when it has "no hope of obtaining a

valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (citing *Younger*, 401 U.S. at 41). Salas

---

[1]Those narrow exceptions include: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Tex. Ass'n of Bus.*, 388 F.3d at 519 (quoting *Younger*, 401 U.S. at 49).

has made no showing that the state has no hope of obtaining a conviction. With regard to the second exception, there is no showing by Salas that the state statute is "flagrantly and patently violative of express constitutional prohibitions . . .." *Earle*, 388 F.3d at 519. Third, a federal court must retain jurisdiction over a claim if the government waives application of the *Younger* doctrine. *Id.* In this case the Respondent has expressly argued for application of the *Younger* doctrine. Resp. 3–4, ECF No. 10. Because the government has not waived application of the *Younger* doctrine, this exception does not apply.

In sum, the *Younger* abstention doctrines required federal courts to decline to exercise jurisdiction when certain conditions are present, and all three conditions are met in this case. Furthermore, no exception applies here. Thus, this Court must abstain from jurisdiction in accordance with *Younger v. Harris*. As this Court is compelled to abstain from review of this case, Salas's petition for relief under 28 U.S.C. § 2241 must be dismissed without prejudice.

## III.    CONCLUSION and  ORDER

Accordingly, it is **ORDERED** that Gabriel Paul Salas's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

**SO ORDERED** this **10th day** of **December, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**